TRINETTE G. KENT (State Bar No. 222020)
1333 Stradella Road
Los Angeles, CA 90077
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deric Davidson, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Shaw Academy Limited,<br><br>Defendant. | Civil No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

For this Class Action Complaint, the Plaintiff, Deric Davidson, by and through his undersigned counsel, pleading on his own behalf and on behalf of others similarly situated, states as follows:

## <u>JURISDICTION AND VENUE</u>

1.      Plaintiff, Deric Davidson ("Plaintiff"), brings this class action for damages, injunctive relief, and declaratory relief from the illegal actions of Defendant Shaw Academy Limited ("Defendant" or "Shaw Academy"). Defendant sent unauthorized automated telemarketing text messages to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(A).

2.      Shaw Academy is a business that provides a wide array of online courses.  *See* https://www.shawacademy.com/ (last visited Jan. 09, 2019).

3.      Shaw Academy regularly sends out automated, template-based telemarketing text messages to consumers advertising promotions and sales regarding Shaw Academy classes.

4.      However, Shaw does not honor consumers' requests for the texts to stop.

5.      Indeed, Plaintiff is one such consumer who has been unable to get Shaw Academy to stop sending him automated telemarketing text messages.  After receiving text messages from Shaw Academy advertising, *inter alia,* sales and promotions regarding Shaw's "Lifetime Membership," Plaintiff responded "Stop" repeatedly.  Nonetheless, Shaw Academy continued thereafter to send additional telemarketing text messages to Plaintiff, causing Plaintiff frustration, inconvenience, annoyance, and cost.

6.      Plaintiff now sues Shaw Academy for its TCPA violations individually and on behalf of all others similarly situated.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PARTIES, JURISDICTION AND VENUE

7.     Plaintiff is, and at all times mentioned herein was, an adult individual residing in Victorville, California.

8.     Defendant, Shaw Academy Limited, is an Irish company headquartered at 26 Fitzwilliam Street Upper, Grand Canal Dock, Dublin 2, D02 CT 89, Ireland.

9.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012).

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Plaintiff resides in this district and because a substantial part of the events giving rise to the claim, including Plaintiff's receipt of Shaw Academy's illegal text messages,  occurred in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11.     The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS").

12.     Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

13.     47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

        (A)     to store or produce telephone numbers to be called, using a random or sequential number generator; and

        (B)     to dial such numbers.

14.     The Ninth Circuit has confirmed that "the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the

capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018).

15.     Moreover, under the TCPA, consumers may revoke prior express consent to receive autodialed calls "at any time and through any reasonable means," including "directly in response to a call initiated or made by a caller" and the burden is on the caller to prove it obtained the necessary prior express consent to autodial. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order,* CG Docket No. 02-278, FCC 15-72, at ¶¶ 47, 64 (July 10, 2015) ("2015 FCC Order"); *see also ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 692 (D.C. Cir. 2018) ("We uphold the Commission's approach to revocation of consent, under which a party may revoke her consent through any reasonable means clearly expressing a desire to receive no further messages from the caller."). Specifically, automated text message-senders are required to "give consumers a direct opt-out mechanism such as a . . . reply of 'STOP' for text messages." 2015 FCC Order, at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

16.     Starting in 2018, Plaintiff began receiving automate telemarketing text messages on his cellular telephone from Shaw Academy, advertising sales and promotions for Shaw Academy's online courses.

17.     For instance, the messages advertised, among other promotions, the following:

- "So much candy . . . must extend offer . . . If you missed it Deric, we're giving more time, get 85% Off Lifetime Membership! Buy Now: http://weurl.co/5Da4o";

- "LAST CHANCE Deric! Lifetime Access To All Courses & Professional Hard Copy Diplomas For Only $65! Buy Now: http://weurl.co/NDe2Z"

- "Deric!! This Shaw Academy offer is frighteningly good!
  http://weurl.co/ZDS3c It is a Trick? Or Treat? . . . ";

- "Deric… PRICE DROP! Lifetime Membership & Unlimited
  Diplomas only $65 (Now 95% Off)! Buy Now:
  http://weurl.co/jDZAf";

- "Well, Halloween's over ! Now we're thinking about Thanksgiving!
  Here's something to gobble on: 85% Off Lifetime Membership! Buy
  Now: http://weurl.co/aEqPY"

18.    Each of the above-referenced hyperlinks lead to a webpage on Shaw
Academy's website, https://shawacademy.com, offering the sale of a membership
for Shaw Academy's online courses.

19.    The messages were impersonal to Plaintiff and were identical to
thousands of other text messages that Shaw sent to other consumers.

20.    The messages that Shaw Academy sent to Plaintiff were composed of
pre-written templates of text, and were identical to text messages that Shaw
Academy sent to other consumers.

21.    In addition, the content of the text messages was automatically
generated, with no human involvement in the drafting or directing of the messages.

22.    Thus, while the messages stated Plaintiff's name, "Deric," this
language was automatically generated and input into pre-written text templates
without any actual human intervention in the drafting or sending of the messages;
aside from Plaintiff's name, the same exact messages were sent to thousands of
other consumers.

23.    The messages were sent to Plaintiff's cellular telephone number, 760-
XXX-6468.

24.    Plaintiff repeatedly received automated text messages from Shaw
Academy, including on the following dates:  October 26, 2018, November 2, 2018,

November 3, 2018, November 6, 2018, November 7, 2018, November 8, 2018, November 9, 2018, and November 10, 2018.

25.    To send the messages, Defendant stored Plaintiff's cellular telephone number in its text messaging system with thousands of other consumers' telephone numbers and then automatically sent identical messages *en masse* to Plaintiff and thousands of other consumers at the same time.

26.    No human directed any single text message to Plaintiff's number.

27.    Frustrated and inconvenienced by the receipt of text messages that he did not request or take any action to cause, Plaintiff responded "Stop" to Shaw Academy's text messages on, *inter alia,* the following dates:  November 2, 2018, November 6, 2018, and November 8, 2018.

28.    Nonetheless, Plaintiff continued to receive multiple, subsequent telemarketing text messages from Shaw Academy after each of his "stop" messages to Shaw Academy.

29.    Moreover, Shaw Academy sent the messages from multiple different numbers; when Plaintiff messaged one of Shaw Academy's numbers to "stop" sending the messages, Shaw Academy would proceed to message Plaintiff from a different telephone number.

30.    Plaintiff's time was wasted tending to Shaw Academy's text messages that were sent after he expressly requested that they stop.

31.    The receipt of Defendant's unauthorized messages caused Plaintiff to use limited data and text messaging capacity on his cellular telephone plan.

32.    The receipt of Defendant's unauthorized messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery.

33.    Defendant did not place the text messages for an emergency purpose.

1

## CLASS ACTION ALLEGATIONS

2

### A. The Class

3

4

34.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

5

6

35.     Plaintiff represents, and is a member of the following class (the "Class"):

7

8

9

10

**All persons who (1) on or after four years prior to the filing of this action (2) were sent Shaw Academy text messages, after (3) texting Defendant "Stop" or (4) where Defendant did not possess prior express written consent.**

11

12

13

14

36.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

15

16

17

18

19

20

37.     Upon information and belief, Defendant sent text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent and after they messaged "Stop."  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21

22

23

24

38.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

25

26

27

28

**C. <u>Common Questions of Law and Fact</u>**

39.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

       a.  Whether Defendant sent telemarketing text messages to Plaintiff and Class members' cellular telephones using an ATDS;

       b.  Whether  Defendant had prior express written consent to send its automated telemarketing text messages;

       c.  Whether Defendant's conduct was knowing and/or willful;

       d.  Whether Defendant is liable for damages, and the amount of such damages; and

       e.  Whether Defendant should be enjoined from such conduct in the future.

40.    The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely sends automated text messages to telephone numbers assigned to cellular telephone services without prior express consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. <u>Typicality</u>**

41.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. <u>Protecting the Interests of the Class Members</u>**

42.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F.   Proceeding via Class Action is Superior and Advisable**

43.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Shaw Academy is small because it is not economically feasible for Class members to bring individual actions.

44.    Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

<u>COUNT I</u>
**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

45.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

46.    Defendant sent multiple automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

47.    Each of the aforementioned messages by Defendant constitutes a violation of the TCPA.

48.    Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

49.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

50.    Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

a.  Defendant violated the TCPA;

b.  Defendant used an ATDS to send text messages to consumers; and

c.  Defendant sent messages to Plaintiff and the Class without prior express consent.

## COUNT II
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

51.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

52.    Defendant sent multiple automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent, and over their explicit requests for Defendant to "Stop" sending the messages.

53.    Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

54.    Plaintiff and the Class are entitled to an award of $1,500.00 in damages for each message sent knowingly and willfully in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

55.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

56.    Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

d.  Defendant knowingly and/or willfully violated the TCPA;

e.  Defendant knowingly and/or willfully sent text messages to Plaintiff and the Class;

f.  Defendant knowingly and/or willfully disregarded Plaintiff and the Class members' requests that the automated text messages stop;

g.  Defendant knowingly and/or willfully messaged Plaintiff and the

CLASS ACTION COMPLAINT

Class with text messages knowing it did not have their prior express consent to do so; and

h. It is Defendant's practice and history to place automated messages to consumers without their prior express consent.

.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 24, 2019                      Respectfully Submitted,

                                        By:___*/s/  Trinette Kent*_____
                                        Trinette Kent, Esq. (Bar No. 222020)
                                        Lemberg Law, LLC
                                        Attorney for Plaintiff, Deric Davidson